```
                                    FILED
                                  JUN 0 7 2011
                            CLERK, U.S. DISTRICT COURT
                         SOUTHERN DISTRICT OF CALIFORNIA
                         BY                      DEPUTY
```

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Cr. No. 10-4739GT |
| v. | ) ORDER |
| JUAN JOSE DIAZ-CRUZ, | ) |
| Defendant. | ) |

On February 9, 2011, Defendant, Juan Jose Diaz-Cruz ("Mr. Diaz"), filed a Motion to Withdraw his Guilty Plea ("Motion") under Federal Rule of Criminal Procedure 11(d)(2)(B). The Court has fully considered this matter including a review of his brief, the authorities cited therein and the arguments presented. For the reasons stated below Mr. Diaz' Motion is **DENIED**.

## BACKGROUND

On December 13, 2010, Mr. Diaz pled guilty, pursuant to a written plea agreement, to a one count Information charging him with Deported Alien Found in the United States, in violation of 8 U.S.C. § 1326(a) and (b). In the plea agreement, the parties agreed to a Specific Offense Characteristic ("SOC") of +4 under §2L1.2(b)(1)(D) for a prior felony conviction. The parties recommended that the Court order a Presentence Report ("PSR") or a criminal history

report. Additionally, the parties also agreed that, if prior to sentencing, contrary or additional information was discovered which changed the defendant's applicable Specific Offense Characteristics calculation ("SOC"), the Government could recommend a sentence based on any such changes.

Pursuant to the parties recommendation and Court order, Probation prepared a PSR. In the Criminal Conviction section, the PSR reported a 2006 felony conviction for Attempt Unlawful Sexual Intercourse w/Minor under 16, which scored 3 points. In calculating the applicable guidelines, the Probation Officer stated that this prior conviction warranted a SOC of + 16 because it was a crime of violence under § 2L1.2(b)(1)(A)(iii).

Mr. Diaz now seeks to withdraw his guilty plea because the Probation Officer recommended the +16 and the parties "believed that his prior conviction resulted in only a 4 level increase in the offense level."

## CONCLUSIONS OF LAW

Under Federal Rule of Criminal Procedure 11(d)(2)(B), a defendant may withdraw his guilty plea prior to sentencing if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim Pro. 11(d)(2)(B). "Prior to sentencing, the proper inquiry is whether the defendant has shown a fair and just reason for withdrawal of his plea even if the plea is otherwise valid." United States v. Davis, 428 F.3d 802, 806 (9th Cir. 2005). The Ninth Circuit has stated that "[f]air and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." Davis, 428 F.3d at 805. Erroneous or inadequate legal advice may also constitute a fair and just reason for withdrawal of the plea. Davis, 428 F.3d at 806. While a defendant may not withdraw his guilty plea "simply on a lark," the "fair and just" standard is generous and is liberally applied. United States v. McTiernan, 546 F.3d 1160, 1167 (9th Cir. 2008) (quoting United States v. Hyde, 520 U.S. 670, 676-77 (1997)). The defendant bears the burden of showing that withdrawal of his guilty plea is warranted. McTiernan, 546 F.3d at 1166-67. The district court's denial of a

1 motion to withdraw a guilty plea is reviewed for abuse of discretion. McTiernan, 546 F.3d at 1166.

Essentially, Mr. Diaz seeks to withdraw his guilty plea simply because the Probation Officer recommended a +16 for his 2006 conviction. He argues that "[u]pon receipt of the Presentence Report (PSR)" it became apparent that his expectation of receiving the parties recommended sentence may have been an error. However, the parties agreed, in the written plea agreement, to recommend a PSR, which always includes guideline calculations and a sentencing recommendation. It is common that the Probation Officer recommends a sentence that is different than the one agreed upon by the parties. Furthermore, the parties also agreed, in the written plea agreement, that if contrary or additional information came to light prior to sentencing that changed the defendant's SOC, that the government could recommend a different sentence based on the new information. Hence, Mr. Diaz was aware of the possibility that there would be a PSR and that the SOC calculation could change. Mr. Diaz has not argued that he did not know about the prior conviction, nor that his counsel's advice was erroneous or inadequate, only that based on Probation Officer's recommendation, he may be deprived of the parties agreed benefits. That the Probation Officer recommended a different sentence that the one contemplated by the parties is not a "fair and just" reason to withdraw a guilty plea. Accordingly,

**IT IS ORDERED that** Mr. Diaz' Motion to Withdraw his Guilty Plea is **DENIED.**

**IT IS SO ORDERED.**

6/7/11
date

GORDON THOMPSON, JR.
United States District Judge

cc: All counsel and parties without counsel