

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Cr. No. 10-4739GT ) |
| v. | ) ORDER ) |
| JUAN JOSE CRUZ, | ) ) |
| Defendant. | ) ) |

On February 10, 2011, Defendant, Juan Jose Cruz ("Mr. Cruz") filed Objections to the Presentence Report. On May 2, 2011, Probation filed an Addendum. The Court has fully considered this matter, including a review of the case file, the briefs filed, the authorities cited therein and the arguments presented. For the reasons stated below, Mr. Cruz' Objections are **DENIED**.

### BACKGROUND

On December 13, 2010, Defendant, Juan Jose Diaz-Cruz ("Mr. Diaz"), pled guilty to a one Count Information charging him with Deported Alien Found in the United States, in violation of 8 U.S.C. § 1326(a) and (b).

On August 27, 2010, Mr. Diaz was arrested by the Oceanside Police for a probation violation

warrant in case # SCN207434 and booked into San Diego County Jail. ICE agents were notified and it was determined that Mr. Diaz was a Mexican citizen who was illegally in the United States. An immigration hold was put on Mr. Diaz. On November 2, 2010, Mr. Diaz was released into immigration custody. A records check revealed that Mr. Diaz has both a criminal and immigration history.

**OBJECTIONS to PSR**

1. **Pg 3, Lines 19-22:**

Mr. Diaz objects to the statement that the victim refused to smoke marijuana with him. He states "[s]he did not refuse." The Probation Officer states that this information was taken from the police report and that it is the victim's statement. The statement will remain since it is from the police report. Hence, this Objection is **DENIED**.

2. **Pg 3, Line 14; Pg 4, Lines 13, 18, & 21; Pg 8 Lines 12-13:**

Mr. Diaz objects that this prior conviction scores three points which ultimately affects his criminal history category. Mr. Diaz argues that it should only score 2 points because his total sentence was only 365 days and not 445 days as listed by probation (80 days on the initial sentence 365 days for probation revocation). Mr. Diaz states that when his probation was revoked he was sentenced to 365 days with credit for the 80 days he already served. This is incorrect.

After reviewing the state court documents, Mr. Diaz was originally sentenced to 3 years probation and 80 days in custody in case # SCN207434. At the original sentencing, he was given credit for time he had served while waiting for his court appearance-which was 80 days. Mr. Diaz' probation was revoked on August 8, 2007 and a warrant was issued. He was arrested on the warrant in 2010 and sentenced on 10/01/2010 to 365 days confinement. He was given 308 days credit for time he had already served. There is nothing in the record that indicates he was given credit for the original 80 days.

For purposes of § 2L1.2(b), a "sentence imposed" includes any sentence originally imposed but not suspended, any incarceration ordered as a condition of probation and any

additional sentence imposed as a result of a probation violation. United States v. Gomez-Leon, 545 F.3d 777, 784 (9th Cir. 2008). In this case, Mr. Diaz was originally sentenced to 80 days incarceration, presumable as a condition of probation and later he was sentenced to 365 days for violating his probation. Hence, his sentence was 445 days and the conviction is scored properly.

Mr. Diaz also makes the argument that California Penal Code §19.2 is applicable. Section 19.2 puts a cap of 365 days confinement in certain circumstances. However, § 19.2 only applies when a term of imprisonment is a **condition of probation**. It is not applicable in the case where the probation is actually revoked. In this case, Mr. Diaz' probation was revoked and he was sentenced to 365 days in prison as a result of the revocation. Mr. Diaz was sentenced to a total of 445 days (original 80 plus the 365 for the revocation). Accordingly, this Objection is **DENIED**.

3. **Pg 8, Lines 11-17:**

Mr. Diaz objects that the PSR gives him a +16 for a crime of violence for his 2006 prior conviction of Attempt Unlawful Sexual Intercourse w/Minor under 16, in violation of California Penal Code § 261.5(d). Statutory rape is one of the enumerated crimes under the definition for a crime of violence and is *per se* a crime of violence. Valencia v. Gonzales, 439 F.3d 1046, 1053 (9th Cir. 2006). The Ninth Circuit has stated that the "meaning of 'statutory rape' covers the full range of conduct proscribed by Ca. Penal Code §261.5(d)." United States v. Gomez-Mendez, 486 F.3d 599, 603 (9th Cir. 2007). The Ninth Circuit held that California Penal Code 261.5(d) is categorically a crime of violence for the purposes of § 2L1.2(b)(1)(A)(ii)and warrants the sixteen level enhancement. Id.

Mr. Diaz argues that the facts show that he did not have actual intercourse with the victim and therefore the enhancement is not applicable. However, the guidelines specifically state that prior convictions "counted under subsection (b)(1) include offenses of aiding and abetting, conspiring and **attempting**, to commit such offenses. § 2L1.2 cmt. n. 5. Accordingly, this Objection is **DENIED**.

**TYPO: Pg 8, Line 17:** the PSR states that the conviction qualifies as a crime of

violence under § 2L1.2(b)(1)(A)(i) and it should be subsection (ii).

4. **Pg. 10, Lines 26-29:**

Mr. Diaz objects to the probation officer's conclusion that a downward departure for cultural assimilation is not applicable. He simply states that an analysis "shows this departure does apply," but does not say why or how. Probation asserts that although Mr. Diaz came to the country when he was 4, he did live in Mexico for two years and he has a significant criminal history (he is only 26 and is a criminal history category V). The departure for cultural assimilation is only appropriate if the departure "is not likely to increase the risk to the public." 2L1.2 cmt n. 8. Mr. Diaz has several drug convictions as well as the attempted intercourse with a minor conviction. Mr. Diaz is a risk to the public. Hence, this a departure for cultural assimilation is not appropriate and Mr. Cruz' Objection is **DENIED**.

5. **Pg 10, Lines 29-32 and 42:**

Mr. Diaz objects to the Probation Officer's recommendation of 57 months custody because it is based on incorrect guideline calculations and it does not fully take into account the factors in § 3553(a). The Probation Officer stands by his calculations and recommendations. As explained above, the Probation Officer's guideline calculations are correct and he did take into account § 3553(a) factors. Accordingly, this Objection is **DENIED**.

**IT IS ORDERED** that Defendant's Objections to the Presentence Report are **DENIED**.

**IT IS SO ORDERED.**

July 27, 2011
date

GORDON THOMPSON, JR.
United States District Judge

cc: All counsel and parties without counsel
